IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERKINS COIE LLP,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES COAST GUARD,<br><br>          Defendant. | Case No. 24-cv-_____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.     This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from plaintiff by the United States Coast Guard (USCG).

**JURISDICTION AND VENUE**

2.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.     Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4.     Plaintiff Perkins Coie LLP (Perkins Coie) is a private law firm that assists clients with a wide range of legal and business issues.  A major part of the firm's efforts involves assisting clients with understanding how federal regulations affect their operations and their compliance options.  Perkins Coie is the requester of the records at issue.

5.     Defendant, the USCG, is a branch of the United States Armed Forces within the United States Department of Homeland Security. The USCG is responsible "for maritime safety,

security, and environmental stewardship in U.S. ports and inland waterways, along more than 95,000 miles of U.S. coastline, throughout the 4.5 million square miles of U.S. Exclusive Economic Zone (EEZ), and on the high seas." See https://www.uscg.mil/About/.

6. Part of the USCG's Operation Missions Program involves protecting the marine environment by developing and enforcing federal regulations, conducting safety and security inspections, and analyzing port security risk assessments.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIM

**A.** **The USCG's FOIA Obligations**

7. The purpose of the FOIA is to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Public Citizen, Inc. v. Office of Mgmt. and Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010) (quotations omitted). In enacting the FOIA, Congress intended the primary objective of the Act to be the full disclosure of federal agency records so long as information is not exempted by clearly delineated statutory language. *Id.*

8. The FOIA establishes a broad right of public access to federal agency records, subject only to nine delineated exemptions. 5 U.S.C. § 552(b). "Each agency, upon any request" for enumerated records must "determine within 20 days (excepting Saturdays, Sundays, and legal holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such a request" of the "determination and the reasons therefor; . . . ." *Id*. § 552(a)(6)(A)(i). A requester "shall be deemed to have exhausted [its] administrative remedies"—and hence may file suit under the Act's citizen suit provision—"with respect to [a] request if the agency fails to comply with the . . . time limit" set forth in the statute for a substantive response. *Id*. § 552(a)(6)(C)(i).

9.      The federal regulations implementing the FOIA for the USCG are contained in the FOIA regulations for the Department of Homeland Security at 6 C.F.R. Part 5. The requirement that the USCG respond within 20 working days of receiving a FOIA request with a determination of compliance is set forth at 6 C.F.R. § 5.4. Exceptions to the 20-day requirement include situations where the agency "may refer the responsibility for responding to the request or portion of the request to the component or agency best able to determine whether to disclose the relevant records, or to the agency that created or initially acquired the record as long as that agency is subject to the FOIA," as that "component or agency that created or initially acquired the record will be presumed to be best able to make the disclosure determination." *Id*. § 5.4(d)(3).

**B.      Perkins Coie's FOIA Request and the USCG's Failure to Respond**

10.     On April 30, 2024, Sheri Pais, in her capacity as a senior paralegal at Perkins Coie, submitted a FOIA request to the USCG requesting records related to alternative compliance, exemptions and/or partial exemptions for the "person in charge" requirements set forth in 33 C.F.R. Part 156, *Oil and Hazardous Material Transfer Operations*. *See* Declaration of Sheri Pais (Pais Decl.) ¶ 2. Ms. Pais submitted the request using the USCG's on-line FOIA portal. *Id*.

11.     In the FOIA request, Ms. Pais wrote that she was seeking records relating to the USCG's issuance of letters of alternative compliance, exemptions and/or partial exemptions to the requirements applicable to the "person in charge" requirement set forth in 33 C.F.R. Part 156. *Id*. She requested:

- All requests for alternative procedures, methods, or equipment standards to be used by a vessel or facility operator in lieu of any requirements set forth in 33 C.F.R. Part 156, including those related to the "person in charge" requirement and the limitations in 33 C.F.R. §§ 156.115 and 156.118, transfer requirements under 33 C.F.R. § 156.120, and/or supervision by person in charge in 33 C.F.R. § 156.160; and

- All requests under to 33 C.F.R. § 156.110 for exemptions or partial exemptions from any 33 C.F.R. Part 156 requirements, including those related to the "person in charge" limitations in 33 C.F.R. §§ 156.115 and 156.118, the requirements for transfer in 33 C.F.R. § 156.120, and/or the supervision by person in charge in 33 C.F.R. § 156.160.

*Id.* ¶ 2(a) and (b) and Ex. A. The FOIA request also asked that the USCG produce all correspondence, pleadings, filings or other correspondence or communications related to the request in sections (a) and (b), as well as any records related to the standards applied to requests for authorizations, exemptions, or partial exemptions including any requirements to demonstrate unique, unusual, or other circumstances, or demonstrating an equivalent level of safety and protection, necessitating, or warranting the authorization of alternative compliance, exemption, or partial exemption. *Id.* ¶ 2(c), (d) and (e).

12. On May 1, 2024, Perkins Coie received an email from the USCG FOIA Office acknowledging the FOIA request submission and advising:

> This acknowledges receipt of your 4/30/2024, Freedom of Information Act (FOIA) request to the U.S. Coast Guard (USCG) for records related to alternative compliance, exemptions and/or partial exemptions to the requirements applicable to the "person in charge". Your request was received on 5/1/2024 and has been assigned FOIA number 2024-CGFO-01739.
>
> We have queried the appropriate component of the USCG for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.
>
> You may contact this office via telephone at 202-475-3522 or via email at EFOIA@uscg.mil if you have any further questions.

*Id.* ¶ 3, Ex. B.

13. On June 6, 2024, Ms. Pais sent an email to the USCG FOIA Office requesting a status update for FOIA 2024-CGFO-01739. *Id.* ¶ 4, Ex. C.

14. On June 7, 2024, Toria Hodge, FOIA Analyst (CG-6P), responded by email, which stated: "Your request has been forwarded to the Office of Investigations (CG-INV) for processing and response to you. For the current status of your request, please contact Ms. Thelma Flood of CG-INV at 202-372-1284." *Id.* ¶ 5, Ex. D.

15. After numerous attempts to reach Ms. Flood by the phone number provided by Ms. Hodge, Ms. Pais sent another email to Ms. Hodge on June 20, 2024. She explained that since Ms. Hodge's June 7 response, Ms. Pais had tried "several times to reach Ms. Flood by the phone number below, including several times this morning. There is no answer, and no ability to leave a message (just a recording noting that the message box is full). The voice message notes to stay on the line to reach operator, but then disconnects. Can you please provide an email address that I can use to reach Ms. Flood directly, and can I please again request that she provide a status of this FOIA request." *Id.* ¶ 6, Ex. E.

16. Ms. Pais promptly received a response back from Ms. Hodge on June 21, who simply directed Ms. Pais back to "Ms. Thelma Flood of CG-INV at CG-INV-FOIARequests@uscg.mil." *Id.* ¶ 7, Ex. F.

17. Following the direction received from Ms. Hodge, Ms. Pais emailed Ms. Flood at CG-INV-FOIARequests@uscg.mil on June 21, 2024. Ms. Pais requested a status update for the FOIA request and said she would like to receive the responsive documents as soon as possible. *Id.* ¶ 8, Ex. G.

18. Ms. Flood responded on June 21 with what appears to be a generic reply:

> Due to the increasing number of FOIA requests received by this office, we are encountering some delay in processing your request. Agencies typically process requests in the order of receipt. The time it takes to respond to a request will vary depending on the complexity of the request and any backlog of requests already pending at the agency. A simple request can be processed faster by the agency than one that is complex. Simple requests are typically more targeted and seek fewer pages of records. Complex requests typically seek a high volume of material or require additional steps to process such as the need to search for records in multiple locations.
>
> Your case has been pulled from our backlog, we will review your request and determine if there is/are any responsive records to your request.
>
> This request falls under the purview of the Office of Commercial Vessel Compliance Boating (CG-CVC), Office of Operating & Environmental Standards (CG-OES) and a Facility within the CG's Unit; this request has been forwarded to this office for processing and direct response to you.
>
> We are available to assist you with any question about the status of your request.
>
> Thanks for your patience and understanding.

*Id*.

19. Ms. Pais followed up with Ms. Flood on July 1, 2024, explaining that Perkins Coie would be interested in receiving the responsive documents on a rolling basis so that it could begin reviewing the documents it requested in April as they were being located. Ms. Flood did not respond. *Id*. ¶ 9, Ex. H.

20. Jena MacLean—Ms. Pais's colleague and partner at Perkins Coie—emailed Ms. Flood directly on July 9 with specific questions about the status and processing of the FOIA request. *Id*. Ms. Flood did not respond to Ms. MacLean.

21. Ms. Pais followed up with numerous calls to reach Ms. Flood and Ms. Hodge, without receiving any response. On July 19, Ms. Pais emailed two email addresses provided by the FOIA office for obtaining information and status on this USCG FOIA

6

requests (EFOIA@uscg.mil, and CG-INV-FOIARequests@uscg.mil). In her email, Ms. Pais stated:

> We have tried repeatedly to reach the FOIA Office to discuss the status on our April 30 FOIA request, 2024-CGFO-01739. I have received no response to the email [sic] below and have tried calling several phone numbers -- there is no answer and no ability to leave a message (recording says message box is full). Please provide a response to questions below and let me know if there is a phone number I can use to reach the FOIA Office and discuss the status of the production and ability to receive responsive documents on a rolling basis.

*Id*. ¶ 10, Ex. I. The USCG did not respond. *Id*. ¶ 11.

22. The USCG has refused to respond to any of Perkins Coie's requests for an update regarding FOIA 2024-CGFO-01739 since June 21, 2024. *Id*. ¶ 11.

23. The government's on-line FOIA portal currently lists Perkins Coie's FOIA request as "simple" and the status as "searching for records." *Id*. ¶ 11 and Ex. A.

24. The USCG has not provided any of the records Perkins Coie requested, notwithstanding its statutory obligation to respond to Perkins Coie's FOIA request within twenty (20) working days under 5 U.S.C. § 552(b). Nor has the USCG provided Perkins Coie with any explanation for the ongoing delay or any response to Perkins Coie's multiple requests for an update since June 21, 2024.

25. Because USCG regulations do not provide for any administrative relief the USCG's failure to respond to a FOIA request, there are no administrative remedies for Perkins Coie to exhaust.

26. The USCG has wrongfully withheld the requested records from Perkins Coie.

## CLAIM FOR RELIEF

27. Perkins Coie re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

28. Perkins Coie has a statutory right of access to the USCG data it requested under FOIA, and there is no lawful basis for the USCG's withholding of this information.

29. The USCG has violated FOIA, by failing to provide any records, or any substantive determination regarding the request records, by the mandatory deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i). The USCG's failure to disclose the USCG's data responsive to Perkins Coie's FOIA request violates FOIA, 5 U.S.C. § 552(a)(3), and injures Perkins Coie by depriving it of documents it needs to provide counsel to its clients.

## REQUESTED RELIEF

**WHEREFORE**, Perkins Coie respectfully requests that the Court grant the following relief:

a. Declare that the USCG is in violation of the FOIA;

b. Order the USCG to disclose the requested records in their entirety and make copies available to Perkins Coie;

c. Provide for expeditious proceedings in this action;

d. Award Perkins Coie its costs and reasonable attorneys' fees incurred in this action; and

e. Award any other relief this Court finds just and proper.

Dated this 23rd day of September 2024.

Respectfully submitted,

*/s/Jennifer A. MacLean*
Jennifer A. MacLean
D.C. Bar No. Bar No. 479910
Perkins Coie LLP
700 13th Street, NW, Suite 800

Washington, D.C.  20005-3960
(202) 654-6200
JMacLean@perkinscoie.com

Counsel for Plaintiff